EL PUEBLO, DEMANDANTE Y APELADO, *v.* ASTACIO, ACUSADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección Segunda, en causa por acometimiento y agresión grave.

No. 1427.—Resuelto en diciembre 15, 1919.

APRECIACIÓN DE PRUEBA—CONFLICTO DE PRUEBA.—Si existe conflicto en la prueba, aunque éste afecte las declaraciones del testigo principal y de un perito médico, ambos testigos del gobierno, es aplicable la regla general de que no se irá en apelación contra la apreciación que de la prueba haya hecho la corte inferior.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. José Ruiz de Vall.*

Abogado del apelado: *Sr. José E. Figueras, Fiscal.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

Atilano Astacio fué acusado de un delito de acometimiento y agresión con circunstancias agravantes por haber acometido a Sinforoso Figueroa con un machete, que es un arma mortífera, produciéndole heridas. La apelación gira sobre cuestiones de hecho, sosteniendo el apelante que Sinfo-

roso Figueroa fué el agresor y que el apelante actuó única-
mente en defensa propia.

A la verdad que el testigo principal del gobierno, y que
aparentemente es indispensable, es el denunciante, quien
hace una manifestación que está en abierta contradicción
con la del perito médico. Sinforoso Figueroa, quien dice
que es ambidiestro, en la lucha que surgió entre los dos
hombres, en la cual ambos portaban machetes, dejó caer su
arma al suelo, habiendo sido herido ya en su brazo izquierdo
en la misma contienda. Este testigo manifestó a la corte
que cogió el machete con su mano herida y siguió defendién-
dose con el mismo. Dice el perito que la mano estaba en
tal condición que hubiera sido imposible para el denunciante
poder usarla. De igual modo el propio testigo manifestó
que él solamente dió dos machetazos y la prueba demuestra
un número mayor inflijido sobre el apelante. Hubo otras
contradicciones aparentes entre el perito y el testigo denun-
ciante que han sido analizadas por el apelante para mostrar
que el denunciante declaraba falsamente y por tanto que
los autos muestran un caso de defensa propia por parte del
apelante.

Sin embargo, la corte sentenciadora tiene el derecho y
obligación de aquilatar el conflicto de la prueba aun cuando
exista un conflicto entre un perito y un testigo ocular y
también, como ocurre en el presente caso, que ambos son
testigos del gobierno. A falta de un claro convencimiento
de que la corte creyó que la mano o muñeca del denunciante
quedó inmediatamente inutilizada, no podemos aceptar ese
hecho como establecido. La corte tenía derecho a creer que
el doctor en parte había sufrido una equivocación. *El Pue-
blo* v. *Sutton,* 17 D. P. R. 346. Un doctor declara solamente
teniendo en cuenta el examen que hace después de ocurrido
el hecho.

Prescindiendo de todo esto, el denunciante pudo haber
estado haciendo manifestaciones equivocadas o, para prote-
jerse él mismo, declarar falsamente en parte. Pero aun así

la corte tenía el derecho a creer, en vista de sus manifestaciones en unión de la otra prueba, que el acusado fué el agresor o que, no siéndolo, empleó más fuerza de la necesaria para defenderse. No existe prueba, con excepción de la suya propia, que demuestre que tenía tal motivo para abrigar razonables temores respecto al otro hombre, que se vió obligado en defensa propia a inflijir todas las heridas que resultan de la prueba.

La prueba justifica además la teoría de una lucha entre ambos en la cual los dos hombres entraron voluntariamente.

La sentencia apelada debe ser confirmada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro y Aldrey.

El Juez Asociado Sr. Hutchison no tomó parte en la resolución de este caso.